UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY ANDREWS,

Plaintiff,

v. Case No. 8:24-cv-00257-KKM-SPF

SARASOTA COUNTY SCHOOL BOARD,
and SARASOTA CLASSIFIED TEACHERS ASSOCIATION,

Defendants.

---

# ORDER

Mary Andrews sues her former employer, the Sarasota County School Board, for violating Title VII. (Doc. 7). Although Andrews's amended complaint also names the Sarasota Classified Teachers Association as a Defendant, she has since voluntarily dismissed her claims against the Association. (Docs. 14, 19). The Board moves either to dismiss the amended complaint as an impermissible shotgun pleading or for a more definite statement. (Doc. 15). Because the amended complaint is a "shotgun pleading," dismissal is warranted.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) provides that "[a] party must state its claims or defenses in

numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "exact an intolerable toll on the trial court's docket." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (explaining that a district court has the inherent authority to dismiss a complaint as a shotgun pleading but that the Court must "sua sponte allow a litigant one chance to remedy such deficiencies"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." (emphasis omitted)).

The four basic types of shotgun pleadings are (1) a complaint that contains multiple counts "where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts several claims against several defendants without specifying which defendant is responsible for which act or omission or against which defendant the plaintiff states a claim. *Weiland*, 792 F.3d at

1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (footnote omitted).

The amended complaint is a prototypical shotgun pleading. Specifically, despite requesting relief against two defendants, Andrews fails to "specify[] which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Although the amended complaint, when recounting facts, sometimes distinguishes between the Association and the Board, Andrews's substantive counts speak in more general terms. *E.g.*, (Doc. 7) ¶ 64. Given Andrews's allegation that some of the individuals involved held positions with both the Board and the Association, *e.g.*, (Doc. 7) ¶ 32, more specificity is required "to give the [Board] adequate notice of the claims . . . and the grounds upon which each claim rests," *Weiland*, 792 F.3d at 1323 (footnote omitted). That Andrews dismissed her claims against the Association without prejudice before the Board moved to dismiss is irrelevant.

Accordingly, the Board's motion to dismiss (Doc. 15) is **GRANTED** and the amended complaint, a shotgun pleading, is **DISMISSED WITHOUT PREJUDICE**. Andrews is granted leave to file a second amended complaint by **September 26, 2024**. If

Andrews fails to timely amend or files another shotgun pleading, an order will dismiss this action without further notice.

**ORDERED** in Tampa, Florida, on September 6, 2024.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE*

* Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.